UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ELIZEE EUGENE,

    Plaintiff,

v.                                              Case No. 18-CV-719

CORPORATION OF THE PRESIDENT OF THE
    CHURCH OF JESUS CHRIST OF LATER-DAY SAINTS, et al.,

    Defendants.

## RECOMMENDATION

On May 7, 2018, Elizee Eugene, proceeding pro se, filed a complaint naming as defendants "Corporation of the President of the Church of Jesus Christ of Later-Day Saints," Ronald Stoddard, "unknown LDS members," and "Wisconsin Corporate Service Company." Although Eugene paid the filing fee, "district courts are permitted to screen every complaint, regardless of a plaintiff's fee status." *Griffin v. Milwaukee Cty.*, 369 F. App'x 741, 743 (7th Cir. 2010) (citing 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999)). If it is clear that the complaint is "frivolous or transparently defective," the court may

spontaneously dismiss the suit "and thus save everyone time and legal expense." *Hoskins*, 320 F.3d at 763.

Eugene alleges he was forcibly baptized by LDS missionaries in Fort Lauderdale, Florida in mid-2013. (ECF No. 1 at 3.) He alleges "LDS missionaries forced a brain connection on him called mental telepathy; which required decapitation (tearing apart internal organs/ midbrain etc.). Ronald Stoddard and other unknown (sic) had hired hit man in several occasions and had threaten Mr. Elizee to join the LDS church when he refused to join while going to school in Utah." (ECF No. 1 at 3.) He continues, "Because of that forceful baptism and decapitations, Mr. Elizee sustained substantiated permanent emotional distress, sufferings, mental illnesses, physical pain, lungs, arteries, and vein damages." (ECF No. 1 at 3.) This allegedly resulted in hospitalizations and job loss and eventually Eugene was found to be disabled.

The court recommends that Eugene's complaint and this action be dismissed. First, the complaint contains no allegations with respect to "Wisconsin Corporate Service Company." Consequently, it is not a plausible defendant. Second, aside from the fact that Eugene resides in Milwaukee, the allegations have no apparent connection to this district. Aside from the improperly named Wisconsin Corporate Service Company, no other party appears to be a resident of Wisconsin. Rather, the events are alleged to have occurred in Florida and Utah. Therefore, this district is not the proper venue for any claim regarding these alleged events. *See* 28 U.S.C. § 1391.

Most significantly, the allegations that form the basis for Eugene's complaint are not just implausible but are the sort of "fanciful," "fantastic" and "delusional" claims that can be described only as frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

**IT IS THEREFORE RECOMMENDED** that Elizee Eugene's complaint and this action be dismissed without prejudice.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 10th day of May, 2018.

WILLIAM E. DUFFIN
U.S. Magistrate Judge